FRAAS and others *vs.* BARLEMENT and others.

Where the conduct of a party sought to be attached for a violation of an injunction, is, literally, a breach of the injunction, but not so in spirit, and it clearly appears that there was not only no intention to disregard the injunction, but a supposition that his action would receive the approbation of the court, he will not be adjudged guilty of contempt.

On motion to dissolve injunction, and counter motion for an attachment for breach of injunction.

*Mr. S. H. Grey,* for complainants.

*Mr. R. S. Jenkins,* for defendants.

THE CHANCELLOR.

In 1855, " Washington Lodge, Number Five, Ancient Order of Good Fellows, Camden, N. J.," a benevolent society, was incorporated under the " act to incorporate benevolent and charitable associations." On the 18th of November, 1873, it had ninety-three members, and a fund of about $1600, besides other appropriate personal property. On that day, fifty-three members of the society assembled in the lodge room, pursuant to a special notice given by certain of the members, including all the officers, who were desirous of dissolving their connection with the Grand Lodge of the Order, and of joining another order called " The Independent Order of Good Fellows." By a vote of 40 to 13, a resolution was adopted, declaring that the lodge and the members thereof would not recognize the authority of the Grand Lodge of the Ancient Order of Good Fellows, or continue to act under the charter and constitution they had received therefrom. A by-law of the lodge, then and still in force, provided that the lodge should not be dissolved so long as seven members were willing to continue it. The complainants being of those who were opposed to the action indicated by the resolution, and being reasonably apprehensive of a perversion of the trust funds and property of the society, filed their bill on the 23d of December following, for an injunction to restrain the defendants, the officers of the lodge, from the threatened abuse of their trust. An injunction was issued. By it the defendants were enjoined from (among other things,) using, or suffering or permitting to be used, any of the regalia or books of the lodge. It appears by the answer of the defendants, that on the 13th of January, 1874, at a meeting of the lodge duly convened, a resolution to which all the defendants assented, was passed, reconsidering and rescinding the resolution of the 18th of November. It recited that resolution, and that upon consideration, the action thereby resolved upon, was deemed ill-advised, unconstitutional and illegal. At this meeting, the defendants wore their regalia and used the books of the lodge. The injunction had previously been duly

served on them. Motion is now made for an attachment against them for contempt in violating the injunction by this conduct. The defendants on their part, move for a dissolution of the injunction upon their answer.

First, as to the motion for an attachment. The conduct complained of, though literally a breach of the injunction, was not so in spirit. The defendants appear to have acted under the advice of counsel, in rescinding the obnoxious resolution. Under the regulations of the society, it was necessary to the exercise of the privilege of voting, that the member be clad in his regalia. The defendants, who are all foreigners, understood the advice of their counsel to cover this point. I see no evidence of any intention on their part, to disregard the injunction. On the contrary, they undoubtedly supposed that their action would receive the approbation of the court. I cannot, under the circumstances, adjudge them guilty of contempt.

As to the dissolution of the injunction. The bill charges and the answer admits, that the resolution on the 18th of November, was ineffectual for the purpose for which it was intended; that the lodge could not be dissolved so long as seven members were willing to continue its existence, and that those who favored that resolution, were a minority of the members, forty out of ninety-three, while the majority were opposed to it. The defendants disclaim all intention of prosecuting the design by which that resolution was prompted, and declare their willingness to recognize and obey, and that they do recognize and obey the authority of the Grand Lodge, in all things lawful, and they declare also, their willingness to conform to the rules, usages and ritual of the society, and to its charter and constitution. The effect of the restraint which for the protection of the trust fund and property it was necessary to impose upon the defendants, is, to put a stop to the operations of the society and thus to deprive its members of the participation in its funds, the sick dues and burial allowances, to which they may be entitled. The injunction should now be modified. The interdict which prevents the defend-

ants from exercising any control over the funds and property, should be removed, and they should be permitted to resume the discharge of their official functions under the charter and constitution.

Both motions are denied, but without costs.